IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2-18-CV-171 |
| | § | |
| SAM KANE BEEF PROCESSORS, LLC | § | |
| Defendant. | § | |

## ORDER APPOINTING RECEIVER

This matter has come before this Court upon the unopposed motion of Plaintiff United States of America to appoint a receiver in the above-captioned action.

The Court finds that, based on the record before it, the evidence presented, and the terms of the Agreed Preliminary Injunction (Doc. No 16) (the "Agreed P.I."), the appointment of a receiver in this action is necessary and appropriate subject to the conditions set forth herein (the "Order").

IT IS HEREBY ORDERED that the Honorable Richard S. Schmidt (the "Receiver") is appointed Receiver for Defendant Sam Kane Beef Processors, LLC ("Sam Kane") until further Order of this Court. The Receiver shall be entitled to possession and control over the Receivership Estate, including all Receivership Assets, Receivership Parties and Receivership Documents (collectively the "Receivership") as set forth herein, and shall be entitled to exercise all powers granted herein. The following parties agree to the terms of this Order: Sam Kane Beef Processors, Inc. ("Sam Kane"), Marquette Transportation Finance LLC, d/b/a Marquette Commercial Finance, LLC ("Marquette Commercial Finance"), Raboagrifinance LLC ("Rabo"), all Intervenor Plaintiffs (the "Cattle Feeders Group").

1. <u>APPOINTMENT OF RECEIVER.</u> The Court has weighed the eligibility of the proposed receiver and finds that the Receiver:

   a. Has knowledge and experience sufficient to perform the duties of a receiver;

   b. Has the financial ability to post a bond; and

   c. Is therefore qualified to serve as receiver and as an officer and arm of the Court.

The Court has weighed factors relating to the Receiver's disinterestedness and independence with respect to this action and finds that the Receiver:

   a. Has no relationship with the parties in this action;

   b. Does not have any interest materially adverse to the interests of the parties in this action;

   c. Does not have any material financial or pecuniary interest in the outcome of the underlying dispute between the parties;

   d. Is not a debtor of, a creditor of, a lienor of, or a holder of any equity interest in any of the parties in this action;

   e. Is independent as to the parties and the underlying dispute; and

   f. Is not ineligible to serve as receiver pursuant to 28 U.S.C. § 958.

2. <u>SCOPE OF APPOINTMENT.</u> The Receiver is hereby appointed receiver of the business of Sam Kane and all of the property and property interests of Sam Kane, real and personal, tangible and intangible, and whether now existing or hereafter arising, including the processing plant located at 9001 Leopard St, Corpus Christi, TX 78409 with all of the powers and authority necessary, appropriate and typically afforded to receivers to

accomplish the work to be performed as set forth herein. The Receiver shall manage, preserve, maintain, improve, and operate the property according to this Order, the requirements of 28 U.S.C. § 754, the laws of the state of Texas, or the laws of any other state in which the property is conducted or located, as applicable. The Receiver shall have the right to improve and operate the property.

3.  THE RECEIVERSHIP PROPERTY. The Receiver shall have and take exclusive possession, custody, and control of Sam Kane and all of Sam Kane's real property, personal property, intangible property, other property, of whatever kind and description (including "goods," "instruments," "equipment," "fixtures," "inventory," deposits", "deposit accounts" or "notes" (as these terms are defined in the Uniform Commercial Code)), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located, and its legally recognized privileges, powers, claims, and rights of whatever nature, and legal rights and causes of action, including the sole right to exercise, control and possess its rights and ownership of assets, monies, securities, records, books, client lists, account statements, financial and accounting documents, computers, computer hard drives, computer disks, internet exchange servers, telephones, personal digital devices owned by Sam Kane and other information resources, and including without limitation the following (collectively, the "Receivership Property"):

    a.    all operations and facilities conducted or owned by Sam Kane, including but not limited to the slaughterhouse and all buildings and equipment on the property located at 9001 Leopard Street, Corpus Christi, TX (the "Facility");

    b.    all bank accounts, deposit accounts, commodity accounts, and securities accounts belonging to Sam Kane at any financial institution, including without limitation any of Sam Kane's funds at Marquette Transportation Finance, LLC d/b/a Marquette Commercial Finance ("Marquette Commercial Finance"), Charter Bank, Woodforest Bank, NFC, and BBVA Compass Bank;

    c.    any and all vehicles titled in Sam Kane's name or any related entities' name;

    d.    all of Sam Kane's contracts and legal rights regarding its customers, vendors, employees, accountants, lawyers, and other third parties;

    e.    all of Sam Kane's rights to collect money or property owed by any third party to Sam Kane;

    f.    all membership interests, partnership interests, stock, and other legal rights and interests of Sam Kane in any limited liability company, partnership, corporation, or other similar entity or relationship;

    g.    all of Sam Kane's licenses, permits, authorities, accounts, and other legal rights and relations regarding governmental authorities.

The Receiver shall have all rights and powers set forth in 28 U.S.C. §§ 754, 2001, 2002 and 2004; the Federal Rules of Civil Procedure; this Order; and as otherwise provided by law.

Provided further, nothing in this Order shall change any party's status or claims as to any asset of the Receivership, or modify, expunge, discharge, prime or avoid any liens on or encumbrances against any Receivership Property, and any consent given to this Receivership shall not be deemed to waive the rights of any party against any other party under the Packers and Stockyards Act 7 U.S.C. §196 et. seq. Statutory Trust (the "PSA Trust") or under the Packers and Stockyards Act bond provisions, the Texas Agriculture Code, or other applicable law.

    4.    **BOND**. The Receiver shall post a bond in form acceptable to the court in the amount of five hundred dollars ($500), within seven (7) business days after the date of this

order. The appointment of the Receiver shall not be delayed pending the posting of the bond. The Receiver shall be vested with complete jurisdiction and control of the property immediately after the bond is posted pursuant to 28 U.S.C. § 754. The Receiver shall be reimbursed for the cost of the bond from the proceeds of the Receivership Property.

5. <u>PROFESSIONALS</u>. Without further order of the court, the Receiver may hire, employ and retain attorneys, certified public accountants, appraisers, leasing agents, investigators, security guards, technical and other consultants, brokers, property management companies, and any other personnel or employees which the receiver deems necessary to assist in carrying out its duties and obligations as receiver, and all fees and expenses for such professional services shall be treated as operating expenses of the receivership.

6. <u>EMPLOYEES</u>. The Receiver, in his discretion, may hire or continue the employment of current or former employees of Sam Kane whom the Receiver deems reasonably necessary to assist in conducting the receivership under such terms and conditions of this Order. The Receiver will not be bound by Sam Kane's employment contracts, collective-bargaining agreements, or employment practices, policies, or benefits. The Receiver may terminate any or all of Sam Kane's managers, directors, officers, employees, agents, representatives and consultants.

7. <u>BUDGET APPROVAL PROCESS</u>. Within ten (10) days of his appointment, the Receiver shall prepare and deliver to the Plaintiff, Marquette Commercial Finance, Rabo, and the Cattle Feeders Group (collectively, the "Creditors") a weekly

budget, which shall include the Receiver's anticipated weekly fees and expenses for preserving, protecting and insuring the Receivership Property. As soon as practicable, this initial budget shall be expanded to include the necessary operating expenses of the Receivership Property. The expanded budget shall include a forecast of both income and expenses of the Receivership, and shall identify the funding needed from Marquette Commercial Finance, if any, of the Receivership Estate. After the expanded budget is presented, the Receiver shall, in each week following the delivery of the expanded budget, prepare a weekly cash flow analysis and four-week rolling budget (the "Budget").

8. ADVANCE OF FUNDS. During the duration of the Receivership, Marquette shall continue to provide the funds for the purchases of cattle and operations in accordance with the Stipulation and Agreement for Receivership Financing as may be agreed to by the Parties and amended by their agreement from time to time. Marquette Commercial Finance agrees that it will stay collection of all interest and fees accrued during the period.

9. SALES NOT MANDATORY. No livestock seller shall have any obligation to contract to sell or to sell livestock to the Receiver on any terms at any time.

10. USE OF PSA FUNDS. To the extent that compensation to the Receiver and any expenses incurred by the Receiver are paid from assets that are part of the PSA Trust of Sam Kane, such expenditures shall not be deemed to reduce the amounts owed by Sam Kane, or any other party, to any qualified PSA Trust creditor. All PSA Trust creditors, Sam Kane, TAAG Americas, LLC, Marapro, LLC, Proalamo Foods, LLC,

Provalley Foods, LLC, Procoastal, LLC, Alfredo Fernandez, individually, Carlos Fernandez, individually, and Marquette Commercial Finance, are deemed to have consented to the expenditure of PSA Trust assets of Sam Kane for the purpose of compensation of the Receiver and for reimbursement of all expenses incurred by Receiver. Further, they waive any right to claim diminution of the amount of a qualified PSA Trust claims against any party by means of such PSA Trust creditor's consent to these expenditures or the entry of this Order.

11.     <u>TURNOVER AND NON-INTERFERENCE WITH RECEIVER</u>: Sam Kane, its members, managers, agents, and employees: (a) shall immediately and peacefully surrender and turn over to the Receiver the Receivership Estate, all records, books of account, executed originals of leases, contracts, insurance policies, sales tax returns, documents and papers, and, subject to the following sentences, all funds (including checks, cash, drafts, bank accounts and proceeds) previously collected as income, security and deposits as of the date of this Order, relating to the Receivership Estate or its operation and that are now or hereafter in their possession and control; (b) are directed to cooperate with the Receiver and to disclose all information relevant to the Receivership Estate and its operation, including the names of all vendors and suppliers, provide original leases, copies of bills, service contracts, bank accounts, and to turn over to the Receiver any other material relevant and necessary in the opinion of the Receiver to the fulfillment of the tasks and objectives set forth in this Order; (c) shall prepare and provide to the Receiver an itemization as to the Receivership Estate of all accounts payable and receivable and

operating expenses paid during the same period; and (d) shall provide the Receiver with access to all accounts, records, files, user names, and passwords maintained in connection with the Receivership Property and needed to access Sam Kane's accounts.

Sam Kane shall instruct all employees, agents, or others now or hereafter in possession of any portion of the Receivership Estate to contact the Receiver to make arrangements for the immediate turnover of the Receivership Estate to the Receiver as the Receiver may direct.

In the event a material provision of this Order is violated, the Plaintiff and/or the Receiver may petition the Court to issue an Order to Show Cause why such party should not be found to be in contempt. All persons are hereby directed to comply with this Order and any lawful instructions of the Receiver made pursuant to the authority granted herein. Nothing in this Order shall require individuals to perform work at the behest of the Receiver without fair compensation.

12. <u>RECEIVER'S POWERS AND DUTIES</u>: The Receiver is hereby granted the power and the authority to:

   a) Operate, manage, control and conduct Sam Kane's business operations in the ordinary and usual course and do all things ordinarily performed by owners, managers, and operators of similar businesses while having exclusive and sole control of and authority to act for Sam Kane, to the exclusion of all others including without limitation, and any and all other management currently in place;

   b) The Receiver may enter any premises belonging to, leased by, or otherwise legally accessible to Sam Kane and its member;

   c) The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by any and all members, officers, directors, managers, general and limited partners, trustees, and other governing agents. The

8

     Receiver shall have the sole and exclusive authority to direct employees, contractors, bankers, investment advisors, accountants, attorneys, and other agents of Sam Kane;

d) Ensure compliance with all state and federal laws and take the necessary steps to unwind any transactions which are not in compliance. Deal with all governmental authorities and take all actions necessary to comply with all laws, statutes, ordinances, rules and regulations concerning Sam Kane and the Receivership Estate and its operation so that the Receiver assures that Sam Kane and the Receivership Estate and its operation are at all times in compliance with all laws, statutes, ordinances, rules and regulations and that no liabilities or obligations arise or become owed to any governmental authority as a result of actions taken by the Receiver. Apply for, transfer, obtain and renew, as necessary to prevent the loss of or loss of use of all licenses, permits and entitlements required for the operation of the Receivership Estate or issued in connection therewith;

e) Continue, make, terminate, enforce, assign, modify, negotiate and enter into such contracts and service agreements with regard to any part of Sam Kane's operations; provided, however, no such contracts and service agreements shall extend longer than sixty (60) days beyond the termination of the receivership unless authorized by the parties or Court in advance;

f) In its sole direction, issue demands and institute, intervene, continue, or otherwise resolve all proper legal actions on behalf of Sam Kane and to preserve the Receivership Estate and to recover all amounts that may be due to the Receivership Estate, including imposing a constructive trust, obtaining possession and/or recovering judgment with respect to persons or entities who received assets or records traceable to the Receivership Estate. The Receiver may compromise, adjust, intervene in, settle, or defend any claims or suits against the Defendant, and any party to this case make seek review in this Court of any determination by the Receiver to compromise, adjust or settle a claim. The Receiver may alternatively present any proposed compromise, settlement, or resolution of a claim or suit to the Court for its approval, consideration, or resolution. All such actions shall be filed in this Court;

g) Perform all acts necessary to conserve, hold, manage, and preserve the value of the Receivership Estate, in order to prevent any irreparable loss, damage, and injury to the Estate. The Receiver may seek relief from this Court or, as may be necessary, institute ancillary proceedings in this Court to recover assets or records belonging to the Defendant, or to recover fraudulent or otherwise improper transfers, or to assert any cause of action or claim belonging to the Defendant;

h) Hire, retain, or terminate employees, independent contractors, consultants, attorneys, certified public accountants, marketing personnel, brokers, security guards, bookkeepers, office management, and other parties as may appear appropriate to the Receiver and to pay the reasonable value of the services rendered by such parties and monitor and provide instructions to all contractors, employees, consultants, etc., required for the maintenance and upkeep of Sam Kane's operations. Expend funds to purchase merchandise, materials, supplies and services as the Receiver deems necessary and advisable to assist it in performing its duties hereunder and to pay therefore the ordinary and usual rates and prices out of the funds that may come into possession of the Receiver. Market for lease or sale, or offer to sell any Receivership Property, outside of the ordinary course of business;

i) As to the existing bank accounts, the Receiver shall have the right to order a "freeze" on such accounts, prohibit any withdrawal or payments from any such accounts, and demand a turnover of any funds in the name of Sam Kane in any financial institution. The Receiver shall have the right to establish its own accounts related to the Receivership Estate in the Receiver's own name. Finally, the Receiver shall have authority over any repository for funds arising out of the operation of the Receivership Property. The Receiver may obtain by presentation of this Order any documents, books, records, accounts, deposits, reports, information from any person in the same manner as Sam Kane or any of its agents would otherwise be entitled to obtain, and without any delay;

j) Issue demands in the name of the Receivership Estate upon the U.S. Postal Service, or any other public or private entity, to gain exclusive possession and control of such postal boxes as may have been used by Sam Kane and/or their agents, successors, assigns, and managing members for the receipt of rent, income, and other mail related to the Receivership Estate. Pay and discharge out of the funds coming into the Receiver's possession or custody all the expenses of the Receivership Estate and the costs and expenses of operation and maintenance of the Receivership Estate, including all taxes, governmental assessments and charges. The Receiver may open any mail or mail boxes or safe deposit boxes, access any bank account records, access any internet accounts or spaces, or otherwise exercise the rights of Sam Kane with regard to any third party. The Receiver may utilize any such resources to transact the business of Sam Kane and shall have full authority to do so. By presentation of this Order, the Receiver shall be entitled to immediately receive from any person any key or entry code or password required to enter, open, or obtain access to any premises, mail, mail boxes or safe deposit boxes, or access any accounts or otherwise transact business in the same manner as Sam Kane or any of its agents could otherwise have done. The Receiver shall be entitled to change locks, keys, access codes, passwords, mail addresses, mail boxes, or direct the forwarding or holding of mail;

k) Take such other actions as the Receiver may reasonably consider to be necessary or advisable in connection with the day-to-day operation of Sam Kane and Receivership Estate subject to the right of all parties to appeal any decision of the Receiver to this court; and

l) Upon assuming possession of the Receivership Estate, the Receiver shall examine the feasibility of continuing the operation of Sam Kane and, if appropriate, prepare a financial plan and operating budget for the continuation of Sam Kane. The Receiver shall determine whether rehabilitation is possible and report its findings and plan for rehabilitation or liquidation to this Court. This report is due to the Court ninety (90) days after this Order is entered unless determined by the Receiver in his independent judgment that such a report is unnecessary;

m) From this day forward, the Receiver shall ensure that the Company issues to livestock sellers, or their authorized representatives, the full purchase price of livestock purchased from this day forward by cash payment, cashier's check, ACH, or wire transfer, no later than the next business day following the purchase and transfer of possession of that livestock, or in the case of a purchase on a carcass or "grade and yield" basis, the Company shall make payment no later than close of the first business day following determination of purchase price as required by 7 U.S.C. § 228b(a);

n) The Receiver shall always comply with the provisions of the Packers and Stockyards Act, as amended and supplemented, 7 U.S.C. § 181, et seq. The Receiver shall ensure that the Company issues to livestock sellers, or their authorized representatives, the full purchase price of livestock by cash payment, cashier's check, ACH, or wire transfer, no later than the next business day following the purchase and transfer of possession of that livestock, or in the case of a purchase on a carcass or "grade and yield" basis, the Company shall make payment no later than close of the first business day following determination of purchase price as required by 7 U.S.C. § 228b(a) Nothing in this Order, releases, nullifies, precludes, or enjoins the enforcement of any police or regulatory action of the United States Department of Agriculture (USDA) or any governmental unit that any entity would be subject to. Nothing in this Order, the Agreed P.I., or other documents shall be construed to limit, impede, affect, or impair the police and regulatory powers of the USDA under any statue or regulation administered by it. Nothing in this Order, the Agreed P.I., or other documents enjoins or precludes the USDA (or any governmental unit) from exercising its rights explicitly granted under section 525(a) of the Bankruptcy Code (11 U.S.C. § 525(a)). Nothing in this Order, the Agreement, or other documents authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements.

11

o) The Receiver shall submit weekly reports to the Court, under seal, by the close of business, five business days after Friday of the previous week to show the Company's compliance with its obligations in paragraphs m and n, above. Those reports will contain:

   a. Packer trust report: including (i) reconciled balances for all cash type accounts, (ii) current inventory valued at the lower of cost or market, and (iii) aged accounts receivable to include all accounts receivable for trade accounts.

   b. Total owed to sellers, aged: including (i) a summary report showing what is owed to livestock sellers with a 1-30 day, 31-59 day, and 60+ day breakout, and (ii) a detailed report showing what is owed to each livestock seller for each transaction (i.e., lot sold)

   c. Report on all claims filed on the packer trust and on Sam Kane's bond(s) or bond equivalents.

   d. Payment report: including (i) date livestock slaughtered, (ii) pricing method (live, grid, "Gold formula," hot weight) and (iii) date check sent (not the date the check was cut) or date of actual wire to livestock seller or authorized representative.

13. NOTICE TO THIRD PARTIES. The Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of Defendant, as the Receiver deems necessary or advisable to effectuate the operation of the temporary receivership. All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any Receivership Defendant arising out of any of the Receivership Assets shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Defendants had received such payment.

In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and serve this Order upon, any person, entity, or government office that he deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Assets. All government offices that maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver.

14. <u>RECEIVER REPORTING</u>. The Receiver shall provide the Court, Plaintiff, and all counsel of record, under a Protective Order, a weekly summary of all revenues and disbursements on a "cash reporting basis" as that term is commonly understood within the accounting profession. Said weekly report shall show the cash receipts and disbursements for the month along with the status of projects being conducted by Sam Kane. The Receiver may report periodically to the Court as to Sam Kane's operations, assets, and liabilities; however, the Receiver may exercise discretion as to the cost and benefit of such reporting. Upon the conclusion of the Receivership, the Receiver shall file with the Court a final summary accounting for the full term of the Receivership.

15. <u>STATUS CONFERENCES:</u> The Parties shall appear for a status conference within thirty days of entry of this Order and they shall appear for another status conference within sixty days after entry of this Order, and within every thirty days thereafter.

16. <u>ENJOINMENT OF CREDITORS</u>: Creditors and all other persons are hereby restrained and enjoined from, without prior approval of this Court, any act to obtain possession of an asset of Sam Kane; any act to create, perfect or enforce a lien against property of Sam Kane; to collect, assess or recover a claim against the Receiver or that would attach to the receivership estate; or to set off any debt owed by Sam Kane or the receivership estate. Except by leave of this Court, during the pendency of the receivership ordered herein, all other person and entities aside from the Receiver are hereby stayed from taking any action to establish or enforce any claim, right, or interest for, against, or behalf of, in, or in the name of, the Defendant, any of their partnerships, assets, documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to the following actions:

    a.    Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding (as to a cause of action accrued or accruing in favor of the Defendant against a third person or party, any applicable statute of limitations is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action);

    b.    Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien taking or attempting to take possession, custody or control of any asset; attempting to foreclose, forfeit, alter or terminate any interest in any asset, whether such acts are part of a judicial proceeding or are acts of self-help or otherwise;

    c.    Executing, issuing, serving or causing the execution, issuance or service of, any legal process including, but not limited to, attachments, garnishments,

subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; and

        d.    Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the assets or documents subject to this receiverships, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Defendant.

This Order does not stay the commencement or continuation of a criminal action or proceeding or actions by governmental entities operating pursuant to their policing and regulatory capacity. Moreover, this stay is in place for thirty (30) days, and will auto-renew every thirty days, unless an objection is filed, in which case it will lapse as to all parties except for Sam Kane.

Upon termination of the stay, responsive pleadings shall be due no more than seven days thereafter. The parties shall have a Fed. R. Civ. P. Rule 26(f) conference at a date not more than twenty-one days after the responsive pleadings are due. The Rule 26(f) Report shall be submitted to the Court not more than fourteen days thereafter, in accordance with the Rule. Written discovery may be propounded only upon termination of the stay, with responses due in forty-five days.

17.    <u>RECEIVER LIABILITY</u>.

    a.    <u>Personal Liability to Creditors</u>. The Receiver, his agents, accountants and attorneys shall have no personal liability in connection with any liabilities, obligations, liens or amounts owed to any of the parties and any of Sam Kane's creditors, because of its duties as Receiver. Nothing in this Order shall

grant any rights to trade creditors or general unsecured creditors, whose rights shall be solely determined in accordance with Texas law.

b. <u>No Personal Obligation of Receiver</u>. No obligation incurred by Receiver in the good faith performance of its duties in accordance with the orders of this Court whether pursuant to any contract, by reason of any tort, or otherwise, shall be Receiver's obligation or the personal obligation of its principals or agents, except in a case where the Receiver has acted outside the scope of the receivership authority, or committed fraud or intentionally misrepresented the Receiver's ministerial authority as the Receiver, or acted grossly negligently. Rather, the recourse of any person or entity to whom Receiver becomes obligated in connection with the performance of its duties and responsibilities shall be solely against the Receivership Property.

c. <u>Indemnity</u>. The Receivership Property shall indemnify and hold harmless the Receiver from any claims made by persons not a party to this Order, which claims arise out of the operation of this receivership, except in a case where the Receiver has acted outside the scope of the receivership authority, or committed fraud or intentionally misrepresented the Receiver's ministerial authority as the Receiver, or acted grossly negligently. In the event a suit is filed against the Receiver, or a related entity of the Receiver, over an issue arising out of this action, except as conditioned above, it shall be incumbent upon the receivership to reimburse the Receiver for the fees and costs of defending such action, including any appeals thereof to final resolution and award of judgments.

d. <u>Hazardous Substances</u>. Notwithstanding anything to the contrary contained in this Order, the Receiver shall not take any action with regard to ownership, operation, control, storage, generation, or disposal of (a) any substance deemed a "hazardous substance", "pollutant", "contaminant", or similar substance under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-9675, the Conservation and Recovery Act of 1976, the Solid Waste Amendments of 1984, the Superfund Amendments and Reauthorization Act of 1986, and any other amendments; or (b) any other chemical, toxic, pollutant or substance defined as hazardous or dangerous to human health under any other federal, state or local law, regulation, rule or ordinance, including, without limitation thereto, petroleum, crude oil, or any fraction thereof (all collectively referred to herein as "<u>Hazardous Substances</u>"), without first applying for and obtaining an Order of this Court specifically setting forth the action or actions proposed to be taken by the Receiver. Without first applying for and obtaining such an Order of this Court, the Receiver shall have no ownership, control, authority or power (neither shall Receiver have any obligation to exercise ownership, control, authority or power) over the operation, storage, generation or disposal of any Hazardous Substances. All decisions relating to the ownership,

operation, control, storage, generation and disposal of any Hazardous Substances shall be resolved by this Court. Notwithstanding the foregoing provisions of this section, substances typically stored, used or consumed in the hospitality industry shall be excluded from the provisions of this section, provided such storage, use or consumption are all in accordance with applicable law.

18. <u>RECEIVER COMPENSATION.</u> The Receiver shall be compensated on an hourly basis of $500 per hour for Receivership-related services provided. The Receiver shall also be reimbursed for all direct expenses incurred in rendering the above services (including the cost of retaining third-party contractors and vendors, such as attorneys, consultants, and security guards, and marketing/advertising expenses) (collectively, "Receiver's Expenses"). The Receiver shall prepare and deliver to counsel to this case a monthly report, with a detailed itemization of all fees and expenditures. The Receiver may require any party receiving the report to sign an appropriate non-disclosure agreement. Upon receipt of this report, the parties receiving these reports will have fifteen (15) days to object to any expense or fee set forth therein. If no objections are received by the Receiver and filed with the Court, the Receiver shall be paid such fees and expenses without further order of the Court. Any objections to such fees and expenses will be settled by this Court. Compensation for the fees and Receiver's Expenses shall be advanced to the Receiver on a monthly basis.

19. <u>ENFORCEMENT OF ORDER.</u> In the event a material provision of this Order is violated, the Receiver may petition the Court to issue an Order to Show Cause why such party should not be found to be in contempt. All persons are hereby directed to comply with

this Order and any lawful instructions of the Receiver made pursuant to the authority granted herein.

20. <u>INSTRUCTIONS</u>. The Receiver is authorized, if necessary or appropriate, to request instructions from the Court on an expedited basis regarding any matters which are not anticipated by the broad authority provided the Receiver as set forth in this Order. The Receiver shall make any requests for instructions in writing and shall serve the request and notice therefore on the parties or counsel for all parties to this action. To the extent the Court requires the Receiver to file a motion, any such motion shall be treated as non-dispositive under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Texas (the "Local Rules") and shall be served and filed in accordance with the requirements set forth therein. Any responses and replies shall also be served and filed in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules regarding non-dispositive motions. Notwithstanding the foregoing, the Court intends this Order Appointing Receiver to be broadly construed to provide the Receiver with the power and authority necessary and appropriate to fulfill its duties as set forth herein and under applicable law.

21. <u>DISCHARGE OF RECEIVER</u>. The Receiver shall serve continuously until the earlier of entry of an order of the Court discharging the Receiver, terminating the receivership, or appointing a successor Receiver (the "Receiver Discharge Date"). For good cause, the Receiver may file a motion seeking a discharge and termination of its

obligations under this Order on an expedited basis and with shortened notice, and if good cause is shown, shall be entitled to an immediate discharge. For purposes of this paragraph, good cause for expedited termination and discharge shall include: (a) insufficient funds available for payment of the Receiver's fees or expenses, (b) insufficient funds available for the payment of insurance premiums for insurance covering the Receiver or the assets of the Receivership, or (c) the inability and/or unwillingness of Marquette Commercial Finance to provide the funding necessary to fund the Receivership, including the Receiver's fees or expenses. On the Receiver Discharge Date, the Receiver shall promptly turnover possession of the Receivership Property, including accounts, files, keys, and access codes, to Sam Kane or another party as designated by the Court. Notwithstanding that the Receiver is discharged of all duties and obligations related to the Receivership Property, within thirty (30) days after the Receiver Discharge Date, the Receiver shall serve on all parties appearing in this action a final accounting of the Receivership Property. Plaintiff or any Defendant may at any time, with or without cause, apply to this Court for an order appointing a substitute receiver approved by this Court.

IT IS FURTHER ORDERED that Plaintiff, Defendant or the Receiver or any party hereto may, at any time, on proper notice, apply to the Court for such further instructions, clarifications or modifications of this Order as may be necessary to enable the Receiver to properly fulfill its duties hereunder; except for good cause shown necessitating shorter notice, five judicial (5) days' prior notice shall be considered proper notice under this Order, and such notice may be personally served or sent by certified mail.

IT IS FURTHER ORDERED that money coming into the possession of the Receiver and not expended for any of the purposes authorized herein shall be held by the Receiver subject to such orders as this Court may hereafter issue.

IT IS FURTHER ORDERED that this Receivership Order supersedes the Agreed P.I.

IT IS FURTHER ORDERED that this Receivership shall continue in effect until further order of this Court.

Dated: October 5, 2018

BY THE COURT:

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

GP:4843-9975-7941 v3